UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**WILLIAM and SUZANNE C. COTTER**                                   **PLAINTIFFS**


**V.**                                                **CIVIL ACTION NO.1:06CV743 LTS-RHW**


**JAMES SMITH and ALLSTATE**
**PROPERTY AND CASUALTY INSURANCE COMPANY**                **DEFENDANTS**


**MEMORANDUM OPINION and ORDER**
**FOR THE SUBMISSION OF EVIDENCE IN SUPPORT OF MOTION TO REMAND**

The Court has before it Plaintiffs William and Suzanne C. Cotter's motion [4] to remand.

This is an action for property damage sustained in Hurricane Katrina.  Plaintiffs have sued both their insurance company, Allstate Property and Casualty Insurance Company (Allstate) and the local agent from whom they purchased their Allstate policy, Defendant James Smith (Smith).

The plaintiffs' allegations against Smith are set out in Paragraph 11 of the Complaint:

> "Defendant James Smith breached his professional duty to provide
> accurate professional advice regarding the placement of insurance
> in that he failed to provide and/or misrepresented information regarding
> the need and availability of flood insurance on plaintiffs' property.
> Plaintiffs relied upon Defendant James Smith's advice to their detriment."

Smith has submitted an affidavit denying that he made any misrepresentations to the plaintiffs concerning flood insurance coverage.

In light of the affidavit submitted by Smith, and in light of the lack of specificity in the allegations made against Smith, I am not prepared, at this time, to decide the pending motion.  If it is plaintiffs' contention that Smith made a misrepresentation, it is incumbent on the plaintiffs to specifically identify that misrepresentation.  If it is plaintiffs' contention that Smith failed to provide information concerning flood insurance, information that Smith was under a legal duty to provide, it is incumbent on the plaintiffs to specifically identify the information Smith allegedly failed to provide and to state the circumstances in which the duty they rely upon arose.

I am also troubled by the ambiguity inherent in the Complaint.  While Plaintiffs' allegations against Smith relate to the purchase of flood insurance coverage, other allegations of the Complaint specifically deny that the plaintiffs' property sustained any flood damage.  Paragraph 8 of the Complaint states:

> "Flooding, as defined in Plaintiffs' policy, did not cause plaintiffs' property damage.  Therefore, any policy provisions purporting to exclude coverage for damages occasioned by flooding do not apply to the facts and evidence presented in this case."

I am mindful that the Federal Rules of Civil Procedure permit pleading in the alternative, but Paragraph 8 of the complaint does not appear to be framed as an alternative.  I will, however, allow the plaintiffs to clarify the allegations of the complaint to identify damage that is attributable to Smith's alleged misrepresentations and to submit evidence by affidavit or otherwise of this damage.

Accordingly, I will hold the motion to remand in abeyance pending the submission of evidence by affidavit or otherwise to clarify the allegations of actionable misconduct by Defendant Smith and to clarify the question of what damage plaintiffs claim to have been caused by Smith's alleged misrepresentations.  I will allow the plaintiffs fourteen days from the date of this order within which to submit this clarifying evidence.  I will allow an additional period of fourteen days after the plaintiffs' submission within which the defendants may respond to the plaintiffs' evidence.  The motion to remand will be decided in light of these submissions.

**SO ORDERED** this 5th day of December, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge