UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM and SUZANNE C. COTTER**                                                      **PLAINTIFFS**

**V.**                                                    **CIVIL ACTION NO.1:06CV743 LTS-RHW**

**JAMES SMITH and ALLSTATE**
**PROPERTY AND CASUALTY INSURANCE COMPANY**                  **DEFENDANTS**

### MEMORANDUM OPINION

The Court has before it Plaintiffs William and Suzanne C. Cotter's motion [4] to remand.

This is an action for property damage sustained in Hurricane Katrina. Plaintiffs have sued both their insurance company, Allstate Property and Casualty Insurance Company (Allstate) and the local agent from whom they purchased their Allstate policy, Defendant James Smith (Smith).

The plaintiffs' allegations against Smith are set out in Paragraph 11 of the Complaint:

> "Defendant James Smith breached his professional duty to provide
> accurate professional advice regarding the placement of insurance
> in that he failed to provide and/or misrepresented information regarding
> the need and availability of flood insurance on plaintiffs' property.
> Plaintiffs relied upon Defendant James Smith's advice to their detriment."

Smith has submitted an affidavit denying that he made any misrepresentations to the plaintiffs concerning flood insurance coverage. (Exhibit A to Allstate's Response [7] to Motion To Remand)

By Memorandum Opinion and Order [14] entered on December 15, 2006, I required the plaintiffs to clarify their allegations against Smith in order to determine whether the plaintiffs have stated a cause of action sufficient to prevent removal of this action on allegations of fraudulent joinder or misjoinder of Smith, a local defendant.

On December 19, 2006, in response to my instructions, plaintiffs filed the Declaration of William Cotter [17], which states:

## ***DECLARATION OF WILLIAM COTTER***

***NOW INTO COURT*** *comes plaintiff William Cotter, who respectfully submits this declaration under penalty of perjury, pursuant to 28 U.S.C. §1746, and avers as follows:*

1. *My name is William Cotter. I am an adult resident of Mississippi. I have personal knowledge of the facts to which I am testifying in this Affidavit.*
2. *When my wife Suzanne Cotter and I moved from Louisiana to Bay St. Louis, Mississippi in 2000, we decided to purchase homeowner's insurance coverage from Allstate, which had been our insurer in Louisiana.*
3. *In 2000, we spoke with James Smith, who was a local insurance agent, about placing insurance coverage on our house, located at 115 Felicity Street, Bay St. Louis, Mississippi 39502.*
4. *Because we had previously lived in Louisiana and every home we had previously owned had been insured for flood, we asked Mr. Smith whether the policy we were purchasing provided flood coverage for our home.*
5. *Mr. Smith specifically stated that he was very familiar with the area where our house was located. He then informed us that the area had not flooded during Hurricane Camille. Because of this, he told me, our property would not need to be insured for flood.*
6. *Based on Mr. Smith's representation to us that the area would not flood and that there had been no water on the property during Hurricane Camille, we purchased the policy presented to us by Mr. Smith.*

<u>Legal Theory Supporting Removal - Fraudulent Joinder</u>

Allstate's citizenship is diverse from the Cotters; Smith's citizenship is not. The Cotters and Smith are Mississippi resident citizens. If Smith is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship.

Removal is premised on Allstate's assertion that plaintiffs have fraudulently joined Smith as a defendant. Allstate bears the burden of proof on this issue. *B., Inc., v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). Allstate's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit plaintiffs' theory of recovery and allegations against Smith.

An insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care. The inquiry whether any particular statement is the product of negligence is an intensely fact-intensive inquiry, and any determination whether actionable negligence has occurred must be made on a fully developed record.

Of course, the truth of the plaintiffs' allegations, the circumstances in which Smith's alleged representations were made, the question of whether the plaintiffs reasonably relied upon the statements they attribute to Smith, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in

favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Smith and Allstate have failed to establish that King has no viable legal theory upon which she may proceed against Smith. In my view, these allegations are sufficient to state a cause of action against Smith under the standards I am obliged to apply at this juncture.

Accordingly, I will grant the motion to remand. An appropriate order will be entered.

**DECIDED** this 21st day of May, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE